# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JOSHUA C. WAN**
**United States Army, Appellant**

ARMY 20121000

Headquarters, Fort Stewart
Tiernan P. Dolan, Military Judge
Colonel Randall J. Bagwell, Staff Judge Advocate (pre-trial)
Lieutenant Colonel Franciso A. Vila, Staff Judge Advocate (post-trial)

For Appellant: Captain A. Jason Nef, JA; Captain John L. Schriver, JA (on brief). Colonel Kevin Boyle, JA; Major Jacob D. Bashore, JA; Captain John L. Schriver, JA (on reply brief).

For Appellee: Lieutenant Colonel James L. Varley, JA; Captain Kenneth W. Borgnino, JA; Captain Chad M. Fisher, JA (on brief).

29 August 2013

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave and one specification of larceny, in violation of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921 (2006) [hereinafter UCMJ]. The military judge also convicted appellant, contrary to his pleas, of two specifications of abusive sexual contact, in violation of Article 120, UCMJ.[1] The military judge sentenced appellant to forty months confinement and a bad-conduct discharge. The

---

[1] The military judge acquitted appellant of attempted aggravated sexual assault, burglary, and two specifications of desertion.

convening authority approved the adjudged sentence and credited appellant with 211 days of confinement.

This case is before our court for review under Article 66, UCMJ. We have considered the entire record, including the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and determined the matters personally raised by appellant do not merit discussion or relief. We also considered the single assignment of error and conclude that it warrants discussion and relief.

## BACKGROUND

Appellant and the victim, Sergeant (SGT) SC, lived in the same barracks. He described the relationship between them to be limited to friendship, only. One night, appellant was feeling down, and wanted "someone to love," so he opened the closed, but unlocked door of SGT SC. Appellant then entered her room. He sat on SGT SC's bed and watched her sleep. He then began touching her and caressing her as she slept. She eventually woke up, and told him to leave her room. The entire incident lasted five minutes or less.

When questioned about the event by an agent from the Criminal Investigation Command (CID), appellant admitted to touching both SGT SC's inner thigh and groin with his hand. He also admitted that he touched her vagina with his hand, and kissed her vagina through her underwear. Appellant was charged with two separate specifications of abusive sexual contact:

CHARGE II: VIOLATION OF THE UCMJ, ARTICLE 120

SPECIFICATION 1: In that Private First Class Joshua Wan, United States Army, did, at or near Fort Stewart, Georgia, on or about 24 August 2011, engage in sexual contact, to wit: touching the inner thigh and groin of Sergeant [SC], with his hand by doing so while Sergeant [SC] was substantially incapacitated.

SPECIFICATION 2: In that Private First Class Joshua Wan, United States Army, did, at or near Fort Stewart, Georgia, on or about 24 August 2011, engage in sexual contact, to wit: touching the vagina of Sergeant [SC] through her underwear with his hand and mouth by doing so while Sergeant [SC] was substantially incapacitated.

## LAW AND DISCUSSION

Appellant now asserts that the first specification of abusive sexual contact constitutes an unreasonable multiplication of charges with the second specification. Appellant also urges us to set aside one specification of the Article 120, UCMJ,

2

charge and order a sentence rehearing. Pursuant to Rule for Courts–Martial 307(c)(4), "[w]hat is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." This principle is well-established in military law. *See, e.g.*, *United States v. Redenius*, 4 U.S.C.M.A. 161, 15 C.M.R. 161 (1954). Applying the five factors of *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001) (internal citation and quotation marks omitted) to the particulars of this case, we find that Specification 1 of Charge II constitutes an unreasonable multiplication of charges with Specification 2 of Charge II for findings. However, because the alleged conduct within Specification 2 of Charge II is separate and distinct from the conduct alleged in Specification 1 and Charge II, albeit a part of a single transaction, we shall consolidate the facts of Specification 2 with Specification 1 of Charge II, and set aside the findings of guilty of Specification 2 of Charge II.

In light of our decision to set aside the findings of guilt to one specification of Article, 120, UCMJ, we must consider whether reassessment without a rehearing is possible, and if so, whether the sentence must be reduced. *United States v. Sales,* 22 M.J. 305, 308 (C.M.A. 1986); *United States v. Moffeit,* 63 M.J. 40, 43 (C.A.A.F. 2006) (Baker, J., concurring). In this case, we can be "reasonably certain as to the severity of the sentence that would have resulted in the absence of the error," *Sales,* 22 M.J. at 307 n. 3, and, therefore, we will reassess the sentence at our level.

In making this determination, we note the maximum punishment for the offenses for which appellant was found guilty at trial is reduced by seven years, changing the sentencing landscape from nineteen years and one month to twelve years and one month. Appellant's sentence of forty months was well below the new maximum punishment. We also note that the other remaining offenses carry a significant maximum punishment by themselves. Finally, we note that the gravamen of the remaining Article 120, UCMJ offense remains unchanged in this judge-alone trial.

**CONCLUSION**

We have considered the entire record, including the matters personally raised by appellant. Specification 2 of Charge II is consolidated with Specification 1 of Charge II as follows:

> In that Private First Class Joshua Wan, United States Army, did, at or near at or near Fort Stewart, Georgia, on or about 24 August 2011, engage in sexual contact, to wit: touching the inner thigh and groin of Sergeant SC, with his hand and touching the vagina of Sergeant SC through her underwear with his hand and mouth, by doing so while Sergeant SC was substantially incapacitated.

3

WAN—ARMY 20121000

The findings of guilty of Charge II and its consolidated specification above are affirmed. Specification 2 of Charge 2 is set aside and dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the sentence approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

4